UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS MALDONADO, on behalf of
himself and those similarly situated,

CASE NO.:

Plaintiff,

v.

MATTRESS FIRM, INC. a Florida
Profit Corporation, CALLAHAN'S
EXPRESS DELIVERY, INC., a Florida
Profit Corporation, and
PATRICK W. CALLAHAN, individually,

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS MALDONADO ("Plaintiff"), on behalf of himself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, MATTRESS FIRM, INC., ("MF"), a Florida Profit Corporation, CALLAHAN'S EXPRESS DELIVERY, INC., ("CED"), a Florida Profit Corporation, and PATRICK W. CALLAHAN ("PC"), individually, (collectively "Defendants"), and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

## PARTIES

4. At all times material hereto, Plaintiff was and continues to be a resident of Seminole County, Florida.

5. At all times material hereto, MF was and continues to be a Florida Profit Corporation. Further, at all times material hereto, MF was and continues to be engaged in business in Florida, with its principal place of business in Polk County, Florida.

6. At all times material hereto, CED was and continues to be a Florida Profit Corporation. Further, at all times material hereto, CED was and continues to be engaged in business in Florida, with its principal place of business in Polk County, Florida.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, PC was and continues to be a resident of Lake County, Florida.

9. At all times material hereto, PC owned and operated CED.

10. At all times material hereto, PC regularly held and/or exercised the authority to hire and fire employees of CED.

11. At all times material hereto, PC regularly held and/or exercised the authority to determine the work schedules for the employees of CED.

12. At all times material hereto, PC regularly held and/or exercised the authority control the finances and operations of CED.

13. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of CED; (b) determine the work schedules for the employees of CED; and (c) control the finances and operations of CED, PC is an employer as defined by 29 U.S.C. 201 *et. seq.*

14. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

15. At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

16. Defendants were and continue to be "employers" within the meaning of FLSA.

17. At all times material hereto, Defendants were Plaintiff's "joint employers."

18. At all times material hereto, Defendants jointly controlled the manner in which Plaintiff worked.

19. At all times material hereto, Defendants jointly controlled the scheduling of Plaintiff's work.

20. At all times material hereto, Defendants owned all of the materials, vehicles and premises required for Plaintiff's work.

21. At all times material hereto, the work Plaintiff performed was essential to all Defendants.

22. At all times material hereto, MF was and continues to be "an enterprise engaged in commerce," within the meaning of FLSA.

23. At all times material hereto, MF was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

24. At all times material hereto, CED was and continues to be "an enterprise engaged

in commerce," within the meaning of FLSA.

25. At all times material hereto, CED was and continues to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

26. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

27. At all times relevant hereto, Defendants had more than two employees.

28. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

29. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

30. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

31. The additional persons who may become plaintiffs in this action are/were "non-exempt employees" for Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

32. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

33. On or about June 13, 2011, Defendants hired Plaintiff to work as a non-exempt local delivery driver.

34. At all times material hereto, Plaintiff worked for Defendants, making local deliveries of mattresses to the customers of Defendant, MF, as directed by all Defendants, throughout the Orlando and Tampa metropolitan areas.

35. At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

36. From at least June 13, 2011 and continuing through June 1, 2012, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

37. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA.

38. Defendants have violated Title 29 U.S.C. §207 from June 13, 2011 and continuing through June 1, 2012, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

   b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

   c. Defendants failed to maintain proper time records as mandated by the FLSA.

39. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

40. Plaintiff re-alleges and reavers paragraphs 1 through 39 of the Complaint, as if fully set forth herein.

41. From June 13, 2011 and continuing through June 1, 2012, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

42. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43. At all times material hereto, Defendants failed and continues to fail to maintain proper time records as mandated by the FLSA.

44. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

45. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

46. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

48. At all times material hereto, Defendants failed to comply with Title 29 and United

States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

49. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

50. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff the declaratory relief sought herein;

    c. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    d. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    e. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    f. Awarding Plaintiff pre-judgment interest;

g. Issue of an Order, as soon as is practicable, authorizing Plaintiff to send notice of the instant lawsuit to all similarly situated "non-exempt employees" employed by Defendants within the past 3 years; and

h. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: January 30th, 2013

Respectfully submitted,

_____
ANDREW FRISCH, ESQ.
Florida Bar No. 27777
MORGAN & MORGAN, P.A.
600 N. Pine Island Road
Suite 400
Plantation, Florida 33324
Telephone: (954) 318-0268
Facsimile: (954) 333-3515
E-mail: AFrisch@forthepeople.com

Trial Counsel for Plaintiff
