**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

LUIS MALDONADO, on behalf of
himself and those similarly situated,

      Plaintiff

vs.

Case No: 8:13-cv-00292-VMC-AEP

MATTRESS FIRM, INC., a Florida
Profit Corporation, CALLAHAN'S
EXPRESS DELIVERY, INC., a Florida
Profit Corporation, and
PATRICK W. CALLAHAN, individually,

      Defendants.
_____/

### RESPONSE IN OPPOSITION TO PLAINTIFF'S REVISED MOTION TO REOPEN CASE AND INCORPORATED MEMORANDUM OF LAW

Defendants, CALLAHAN'S EXPRESS DELIVERY, INC. (hereafter "CED"), and PATRICK W. CALLAHAN (hereafter "Callahan"), hereby file this Response in Opposition to the Plaintiff's Revised Motion to Reopen Case and Incorporated Memorandum of Law and in support thereof state as follows:

1. The Complaint in the instant matter was filed with this Court on or about January 31, 2013 (Doc. # [1]).

2. Defendants CED and Callahan properly moved to dismiss and compel arbitration on or about March 20, 2013 (Doc. # [23]).

3. This Court granted the Motion to Dismiss and Compel Arbitration as to CED and Callahan on or about April 24, 2013 (Doc. # [34]).

4. Several months thereafter, on or about September 16, 2013, the Plaintiff filed a demand for arbitration with the American Arbitration Association (hereafter "AAA").

5. The Plaintiff, CED, and Callahan thereafter proceeded with arbitration proceedings.

6. During the course of the arbitration, Defendants CED and Callahan experienced some financial difficulty and had some difficulty in paying some of the sums requested by the arbitrator and/or AAA for advance deposits.

7. Ultimately, however, Defendants CED and Callahan had paid such requested sums to the best of their ability to do so and worked with the AAA to pay such sums.

8. While certainly not willful, the delay in paying sums requested for advance deposits likely delayed the prosecution of the arbitration, but such action still continued forward.

9. In fact, in June of 2016, when the Plaintiff made request of AAA to close the arbitration proceedings, Jonathan Weed, AAA's Manager of ADR Services, noted by email communication to counsel for the Plaintiff that "We currently have funds on hand from both sides to cover Arbitrator Christianson's time for the immediate future and she has yet to suspend these proceedings for non-payment." A true and correct copy of such email communications are attached hereto as Exhibit "A".

10. Accordingly, in June of 2016, shortly before the arbitration was dismissed, the arbitrator had been paid in full for all services provided to such time and the AAA had additional funds from all of the parties.

11. The Plaintiff thereafter chose to seek the closure of the arbitration proceedings.

12. The arbitrator thereafter, on or about July 27, 2016, entered an Order closing the arbitration proceedings.

13. Rather than immediately moving forward in seeking to reopen the instant matter, the Plaintiff waited 169 days to do so, ultimately filing a Motion to Reopen the instant matter on or about January 12, 2017 (Doc. # [51]).

14. This Court denied the Plaintiff's Motion to Reopen without prejudice on or about January 30, 2017 (Doc. # [51]) noting to the Plaintiff that it was unclear as to whether the arbitration was closed or dismissed and specifically directing the Plaintiff to explain in any further motion to reopen why the Plaintiff had waited more than five months to file such motion since the arbitration was closed.

15. Approximately six weeks later, on or about March 17, 2017, the Plaintiff filed a Motion to Dismiss the arbitration proceedings which was granted on March 31, 2017.

16. The Plaintiff thereafter filed a Revised Motion to Reopen Case and Incorporated Memorandum of Law on or about April 18, 2017 (Doc. # [53]).

17. Absent from the Revised Motion to Reopen Case, despite the prior direction from this Court, was any explanation for the Plaintiff's delay of 169 days in seeking to reopen the instant matter from the time the arbitration proceedings were closed.

18. Accordingly, the Plaintiff's Revised Motion should be denied for the failure of the Plaintiff to follow the prior order of this Court explaining its delay.

19. However, if the Court does, in its discretion, allow the instant matter to be reopened, sanctions under 29 U.S.C. § 1927 are not appropriate under the facts of this matter.

**Memorandum of Law**

While the Plaintiff has not sought to explain its delay in seeking to reopen the instant matter, the Plaintiff has presented argument that sanctions should be awarded based upon the application of 29 U.S.C. § 1927. While the decision to allow the Plaintiff to reopen the instant matter is within the discretion of this Court, sanctions under 29 U.S.C. § 1927 are simply not appropriate in this matter.

As noted by this Court in NCC Bus. Servs. v. Lemberg & Assocs., LLC, No. 3:13-cv-795-J-39MCR, 2015 U.S. Dist. LEXIS 125323, at *12-13 (M.D. Fla. Sep. 17, 2015):

> "[T]he plain language of [28 U.S.C. § 1927] imposes three essential requirements for an award of sanctions . . . :" (1) "the attorney must engage in 'unreasonable and vexatious' conduct"; (2) that conduct must "multipl[y] the proceedings"; and (3) "the dollar amount of the sanction must bear a financial nexus to the excess proceedings[.]" (internal citations omitted).

However, "§ 1927 is not a catch all provision designed to serve as a basis for sanctioning any and all attorney conduct courts want to discourage." Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997) (internal quotations omitted). In this regard, even "unreasonable and vexatious conduct" is not sanctionable under § 1927 unless that conduct multiplies the proceedings. Id.

In the instant matter, the previously filed motion to dismiss and compel arbitration of Defendants CED and Callahan was well founded, filed in good faith, and ultimately granted by this Court. Defendants CED and Callahan thereafter participated in arbitration, in good faith, but, as noted herein, experienced financial difficulties in payment of some of the sums requested by the arbitrator and/or AAA for advance deposits which, unfortunately, delayed the prosecution of the arbitration. However,

Defendants CED and Callahan had, in good faith, paid such requested sums to the best of their ability to do so and worked with the AAA to pay such sums. Moreover, at the time the arbitration was ultimately closed, the arbitrator had been paid in full for services provided and the AAA had additional funds from both of the parties.

Additionally, as noted herein, the decision to ultimately seek the closure and/or dismissal of the arbitration proceedings and reopen the instant matter was made by the Plaintiff. Neither CED, nor Callahan opposed such motion. While the financial difficulties experienced by Defendants CED and Callahan may have delayed the prosecution of the arbitration, neither CED, nor Callahan, has sought to multiply the proceedings. Moreover, no conduct on the part of counsel for CED and Callahan has multiplied the proceedings and the Plaintiff has not, in its Motion, sought to directly argue same.

**WHEREFORE,** in full consideration of the premises, Defendants, CALLAHAN'S EXPRESS DELIVERY, INC. and PATRICK W. CALLAHAN, respectfully request that the Plaintiff's Revised Motion to Reopen the Case be denied; or if the Court grants such Motion that the request for sanctions contained therein be denied; and that the Court grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted,

/s Joseph C. Shoemaker
JOSEPH C. SHOEMAKER
Florida Bar No. 0319790
Bogin, Munns & Munns
628 South 14th Street
Leesburg, Florida 34748
Telephone: (352) 728-3773
Facsimile: (352) 728-5488
jshoemaker@boginmunns.com
Attorneys for Defendants Callahan Express Delivery, Inc., and Patrick W. Callahan

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that today, this 28th day of April 2017, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to Andrew Frisch, Esq., Morgan & Morgan, P.A., 600 N. Pine Island Rd., Ste. 400, Plantation, FL 33324; and J. David Richeson, Esq., Richeson and Coke, P.A., 317 South 2nd St., Fort Pierce, FL 34950.

                                          s/ Joseph C. Shoemaker
                                          JOSEPH C. SHOEMAKER

**Joe Shoemaker**

| | |
|---|---|
| **From:** | AAA Jonathan Weed <JonathanWeed@adr.org> |
| **Sent:** | Friday, June 24, 2016 2:01 PM |
| **To:** | 'Andrew Frisch'; Joe Shoemaker |
| **Cc:** | Rachel Glickman |
| **Subject:** | RE: 1606498 Maldonado, Luis vs Callahan Express: Maldonado, Luis vs Callahan Express: (Case No. 01 16 0002 2065) |

Mr. Frisch,

In response to your e-mail, this will clarify that the funds on hand were applied to deposits for future time that has yet to be incurred by the arbitrator. They have not been applied to administrative fees and, in the event the matter is closed, any unused arbitrator compensation deposits will be refunded.

I can also clarify that Respondents have made payments in the past, though they have yet to cover the most recent deposit requests. We currently have funds on hand from both sides to cover Arbitrator Christianson's time for the immediate future and she has yet to suspend these proceedings for non-payment.

At this time, I would invite Respondent's comments with respect to Claimant's request that an order be issued administratively closing the case. Said comments are due to the Association on or before July 1, 2016. Upon receipt of comments or the expiration of the deadline, the Association will transmit Claimant's request and any response to the arbitrator for review.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,



**AAA Jonathan Weed**
**Manager of ADR Services**

American Arbitration Association
Labor, Employment & Elections
T: 401 431 4745  F: 866 644 0234  E: JonathanWeed@adr.org
950 Warren Ave., East Providence, RI 02914-1414
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Andrew Frisch [mailto:AFrisch@ForThePeople.com]
**Sent:** Thursday, June 23, 2016 2:41 PM
**To:** AAA Jonathan Weed; 'Joe Shoemaker'
**Cc:** Rachel Glickman
**Subject:** RE: 1606498 Maldonado, Luis vs Callahan Express: Maldonado, Luis vs Callahan Express: (Case No. 01 16 0002 2065)

Mr. Weed,

While I appreciate you accommodating my schedule I object to AAA applying the funds—which were solely paid by Claimants—to further administrative fees/costs. As I understand it, Respondents have still not paid their portion of the administrative costs. We are not going to pay addition monies when they still have not paid their portion to date.

We are at the end of the road with the arbitration process. We intend to seek to reopen the case in Court. Please immediately return the most recent payment to us and issue an Order administratively closing the case due to Respondents' non-payment.

Thanks,
Andrew

**Andrew R. Frisch**
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Phone: 954-WORKERS (967-5377)
Fax: 954-327-3013
Toll-free: 888-OVERTIME
Email: afrisch@forthepeople.com

Check out my blog at http://flsaovertimelaw.com



**From:** AAA Jonathan Weed [mailto:JonathanWeed@adr.org]
**Sent:** Thursday, June 23, 2016 2:37 PM
**To:** Andrew Frisch x7412; 'Joe Shoemaker'
**Cc:** Rachel Glickman x7422
**Subject:** RE: 1606498 Maldonado, Luis vs Callahan Express: Maldonado, Luis vs Callahan Express: (Case No. 01 16 0002 2065)

Dear Counsel,

We are in receipt of the below e-mail from Mr. Frisch. In light of his travel schedule, we ask that he confirm the names of the individual Claimants and provide claim information for each individual on or before July 6, 2016. At that time, the Association will review the claims and determine whether additional administrative fees are required.

In the meantime, Arbitrator Christianson has requested that the Association collect additional funds for anticipated arbitrator compensation and expenses. The Association has applied the remaining funds from the class action process towards the billing for the individual hearings. A statement will follow under separate cover detailing the remaining balance due from each side. We ask that payment be received on or before July 15, 2016.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,



**AAA Jonathan Weed**
**Manager of ADR Services**

American Arbitration Association
Labor, Employment & Elections
T: 401 431 4745  F: 866 644 0234  E: JonathanWeed@adr.org
950 Warren Ave., East Providence, RI 02914-1414
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Andrew Frisch [mailto:AFrisch@ForThePeople.com]
**Sent:** Friday, June 17, 2016 9:43 PM
**To:** AAA Jonathan Weed; 'Joe Shoemaker'
**Cc:** Rachel Glickman
**Subject:** RE: 1606498 Maldonado, Luis vs Callahan Express: Maldonado, Luis vs Callahan Express: (Case No. 01 16 0002 2065)

Jonathan,

I have been on the road all week and will again by on the road all of next week so we will not be able to provide the information requested by the 6/22 deadline you have imposed. However we would object to any additional fees at this point, because there is no basis for same under the commercial guidelines as I understand it.

**Andrew R. Frisch**
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
Phone: 954-WORKERS (967-5377)
Fax: 954-327-3013
Toll-free: 888-OVERTIME
Email: afrisch@forthepeople.com

Check out my blog at http://flsaovertimelaw.com



**From:** AAA Jonathan Weed [mailto:JonathanWeed@adr.org]
**Sent:** Wednesday, June 15, 2016 10:50 AM
**To:** Andrew Frisch x7412; 'Joe Shoemaker'
**Cc:** Rachel Glickman x7422
**Subject:** RE: 1606498 Maldonado, Luis vs Callahan Express: Maldonado, Luis vs Callahan Express: (Case No. 01 16 0002 2065)

Dear Counsel,

Please note the above case number to be used in connection with this matter going forward.

As a follow-up to the below, we ask that Claimant's counsel confirm the names of the individual Claimants and provide claim information for each individual. Absent a response on or before June 22, 2016, we will assume that the claims are

3

undetermined and, pursuant to the Commercial Fee Schedule, we will require an administrative fee of $7,000.00 in order to continue with this matter.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,



**AAA Jonathan Weed**
**Manager of ADR Services**

American Arbitration Association
Labor, Employment & Elections
T: 401 431 4745  F: 866 644 0234  E: JonathanWeed@adr.org
950 Warren Ave., East Providence, RI 02914-1414
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** AAA Jonathan Weed
**Sent:** Thursday, May 26, 2016 3:11 PM
**To:** 'Andrew Frisch'; 'Joe Shoemaker'
**Cc:** 'Rachel Glickman'
**Subject:** RE: Maldonado, Luis vs Callahan Express: (Case No. 33-20-1300-0375-1-JW)

Dear Counsel,

This will confirm that a conference call in the above matter took place on May 17, 2016, wherein it was confirmed that this matter is no longer proceeding as a class arbitration. The arbitrator confirmed that the AAA would issue notice of the hearings and that she would not issue a separate order.

Hearings on the individual claims have been scheduled for August 8 and 9, 2016, starting at 9:00 AM in the offices of Morgan & Morgan, 20 North Orange Avenue, Suite 1600, Orlando, FL 32801.

Should you have any questions or concerns, please do not hesitate to contact the undersigned.

Sincerely,


**From:** AAA Jonathan Weed
**Sent:** Monday, March 28, 2016 8:32 AM
**To:** Andrew Frisch; 'Joe Shoemaker'
**Subject:** Maldonado, Luis vs Callahan Express: (Case No. 33-20-1300-0375-1-JW)

Dear Counsel,

Please find attached to this email Arbitrator Christianson's Order regarding the conference call held on March 24, 2016.

This will confirm another conference call with Arbitrator Christianson has been scheduled for May 17, 2016 at 10:00 AM. Please dial in to the conference call by using the following telephone number and security code:

    Telephone: (888) 537-7715
    Security Code: 43775158#

Please be advised the case administrator will not initiate the conference call. All participants are requested to dial in at the scheduled time in order to ensure that the call may begin promptly.

Thank you for your attention, and please do not hesitate to contact me should you have any questions or concerns.

Sincerely,

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.


CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.