# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION
AAA File No. 33 523 00375 13

In the Matter of the Arbitration
between:

LUIS MALDONADO, on behalf of himself and
those similarly situated,

        CLAIMANT,
and

CALLAHAN'S EXPRESS DELIVERY, INC., and
PATRICK CALLAHAN, individually,

        RESPONDENTS.

## CLAIMANT, LUIS MALDONADO
## FIRST REQUEST FOR ADMISSIONS TO DEFENDANT

Claimant, **LUIS MALDONADO,** pursuant to Rule 36 of the Federal Rules of Civil Procedure, hereby requests that Respondent, **CALLAHAN'S EXPRESS DELIVERY, INC,** admit or deny each of the statements set forth below, within 30 days and as required by the Rules:

Dated: September 14, 2015.

Andrew Frisch, Esq.
Fla. Bar No. 027777
Morgan & Morgan, P.A.
600 N. Pine Island Rd.
Suite 400
Plantation, FL 33324
Telephone: (954) 318-0268
Facsimile: (954) 327-3013
Email: afrisch@forthepeople.com
*Counsel for Claimant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 14, 2015, I sent a true and correct copy of the foregoing, via Electronic Mail to jshoemaker@boginmunns.com and Jonathanweed@adr.org and via U.S. Mail to Joe Shoemaker, Esq. Bogin Munns & Munns, P.A., 628 S 14th Street, Leesburg, FL 34748.

_____
Andrew Frisch, Esq.

2

## DEFINITIONS

For Purposes of this Request for Admissions:

i.  Claimant refers to **LUIS MALDONADO.**

ii. "Respondent" and "you" and "your" refers to, the Respondent, **CALLAHAN'S EXPRESS DELIVERY, INC.**

iii. "Person" means any person or entity, and includes individuals, corporations, partnerships, associations, joint ventures, and other business enterprises, or legal entities and includes both the singular and plural.

iv. "Documents" shall mean the original or exact copies of any tangible written, typed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, finals, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, Photostatted, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mail-grams, memoranda, including interoffice and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals or which contain additions to or deletions from the originals, or copies of documents which are identical

duplications of the originals if the originals are not available, shall be considered to be separate documents.

v. "Communication" means any oral or written statement, dialogue, colloquy, discussions, or conversation, and also means any transfer of thoughts or ideas between person by means of documents and includes any transfer of data from one location to another by electronic or similar means.

vi. If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

vii. "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

viii. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

ix. "Produced" when used in reference to products, materials, supplies or goods refers to the manufacture, distribution of sale of the same as contemplated by the definitions contained in the Fair Labor Standards Act and its related regulations.

x. "Employment" or "work" are to be construed as consistent with the definitions contained in the Fair Labor Standards Action and its related regulations.

## INSTRUCTIONS

1. You must serve a written answer or objection to each Request within thirty (30) days after service of the request or else the matter is admitted.

2. You must state the reasons for any objection. In the event you decline to respond to any Request on the basis of a claim of privilege, please state the privilege relied upon and the facts supporting such claim of privilege.

3. You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

4. Any denial you make must fairly meet the substance of the Request, and when good faith requires you to qualify your answer or deny only a part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

5. In the event a lack of information or knowledge is the reason for your failure to admit or deny, you must state that you made a reasonable inquiry and that the information known or readily attainable by you is insufficient to enable you to admit or deny.

6. You must pay any expenses, including legal fees, under the Federal Rules of Civil Procedure, incurred by the Claimant(s) to prove a matter which you improperly fail to admit.

## **REQUEST FOR ADMISSIONS**

1.     Admit that during one or more weeks during Claimant's employ with Respondent, Claimant worked in excess of forty (40) hours in a work week.

RESPONSE:

2.     Admit that for those weeks that Claimant worked in excess of forty hours for Respondent, Claimant was not paid time and one-half of his regular rate of pay for the hours worked by him in excess of forty.

RESPONSE:

3.     Admit that Respondent's failure to compensate Claimant at the rate of time and one-half for Claimant's hours worked in excess of forty (40) in a work week, constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

RESPONSE:

4.     Admit that the records maintained by Respondent do not provide Respondent with a basis for determining the precise number of hours worked by Claimant during each work week of Claimant's employ with Respondent.

RESPONSE:

5.     Admit that all remuneration and/or compensation paid to Claimant for services rendered to Respondent is reflected in the payroll records of Respondent.

RESPONSE:

6.     Admit that all remuneration and/or compensation paid to Claimant by Respondent was correctly and properly reflected in the Form W-2 provided to Claimant.

RESPONSE:

7. Admit that all remuneration and/or compensation paid to Claimant by Respondent was correctly and properly reported to the Internal Revenue Service and Social Security Administration.

RESPONSE:

8. Admit that any and all remuneration and/or compensation paid to Claimant by Respondent was properly reported to any and all worker's compensation insurers and/or carriers.

RESPONSE:

9. Admit that no part of Claimant's remuneration and/or compensation, other than discretionary bonuses and holiday bonuses, was paid in the form of cash.

RESPONSE:

10. Admit that the Respondent never consulted with an attorney, prior to the commencement of the instant lawsuit, regarding whether the pay policy at issue in this case complied with the FLSA.

RESPONSE:

11. Admit that the Respondent never requested an opinion, from the United States Department of Labor, prior to the commencement of the instant lawsuit, regarding whether the pay policy at issue in this case complied with the FLSA.

RESPONSE:

12. Admit that Respondent grossed more than $500,000 in gross receipts or business done in 2011.

RESPONSE:

13. Admit that Respondent grossed more than $500,000 in gross receipts or business done in 2010.

RESPONSE:

14. Admit that Respondent grossed more than $500,000 in gross receipts or business done in 2009.

RESPONSE:

15. Admit that Respondent does not have a written job description with respect to the position held by Claimant at the time of Claimant's hire.

RESPONSE:

16. If Claimant is no longer working for Respondent, admit that Respondent does not have a written job description with respect to the position held by Claimant at the time of Claimant's termination.

RESPONSE:

17. Admit that in the performance of his work, Claimant regularly handled goods and materials that originated outside the State of Florida.

RESPONSE:

18. Admit that Claimant never drove outside of the State of Florida, in the performance of his job duties for Respondent.

RESPONSE:

19. Admit that Claimant had no reasonable expectation that he would be required to drive outside of the State of Florida, in the performance of his job duties for Respondent.

RESPONSE:

20. Admit that none of the items that Claimant delivered on behalf of Respondent and its clients had a pre-determined final destination at the time that they entered the State of Florida.

RESPONSE: