# EXHIBIT D

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUIS MALDONADO, on behalf of
himself and those similarly situated,         CASE NO.: 8:13-cv-00292-VMC-AEP

    Plaintiff,

v.

CALLAHAN'S EXPRESS DELIVERY, INC.,
a Florida Profit Corporation, and
PATRICK W. CALLAHAN, individually,

    Defendants,
_____/

## DECLARATION OF JOHNNY MACHADO

I, JOHNNY MACHADO, declare under penalty of perjury and pursuant to 28 U.S.C. §1746 as follows:

1.     My name is Johnny Machado.

2.     I am an opt-in Plaintiff in the above-captioned action.

3.     I make this Affidavit based upon personal knowledge.

4.     I am over the age of 18 years and competent to testify to the matters contained within this Declaration.

5.     From approximately February 2012 through May 2013 I worked for Callahan's Express Delivery, Inc. ("Callahan's") and Patrick Callahan, individually ("Callahan") (collectively "Defendants"), as a Delivery Driver.

6.     As with all of Defendants' Delivery Drivers, as a Delivery Driver, I was responsible for making deliveries on behalf of Defendants' clients, as assigned to me by Defendants.

7.     Throughout my employment, Defendants directed all aspects of my work.

1

8. Defendants assigned me a list of deliveries I was to make each day, and scheduled the specific times I was required to make such deliveries.

9. Specifically, after a brief in-person interview with Defendant, Patrick W. Callahan, he hired me to start right away; and, at the beginning, I had to report to the Mattress Firm's Warehouse in Orlando, Florida and to be there at 7:00am. Later in my employment, I also had to report to IKEA's warehouse when needed.

10. Because our work involved basic labor, we were not required to undergo any specific training to perform our duties.

11. During my employment with Callahan, I delivered for Defendants. Callahan assigned me to work at two of Defendants' accounts, Mattress Firm's Warehouse and IKEA on different days. Typically, Callahan assigned me to deliver for Mattress Firm's Warehouse, but on occasions he would assign me to perform deliveries for IKEA. Regardless, Defendants dictated where and to whom I was to report for work each day.

12. Regardless of whether I was assigned to work at Mattress Firm's Warehouse or IKEA on a given day, Defendants and/or their clients gave me a pre-set schedule of my deliveries for the day, when to work, the hours of my work, or the number or location of my deliveries each day.

13. To the extent I had to miss a day of work for any reason, I was required to notify Defendants or their clients' warehouse manager ahead of time.

14. During my employment with Defendants, if there were any issues regarding our deliveries, Defendants deducted money from our paychecks without any discussion as to why or what occurred. On at least one occasion, Defendants docked my pay after a customer complained that her delivery was damaged.

15. Defendants provided specific guidelines we were to follow when performing each delivery and managed every aspect of our work. In fact, I interacted with Callahan on a daily basis about the deliveries and other work related matters.

16. If there was an issue with a delivery, I was instructed to contact Defendants for a resolution of any such issues.

17. I was required to wear a specific uniform for each account throughout my employment with Defendants.

18. Defendants provided me with a delivery truck for all deliveries I made on Defendants' behalf.

19. Defendants paid for the gas, maintenance, insurance, rugs, tools, and repair of all vehicles.

20. Throughout my employment Defendants set my work schedule and dictated my hours worked each week.

21. Neither my duties nor my pay as a Delivery Driver varied in any material way at any time during my employment with Defendants.

22. Throughout my employment with Defendants, I regularly worked over forty (40) hours per week. Indeed, in many weeks I worked up to seventy (70) hours per week.

23. Despite the fact that I worked overtime hours in many weeks during my employment, Defendants never paid me any overtime premiums for such overtime hours.

24. Instead, as with all Delivery Drivers, I was paid solely per delivery.

25. Defendants failed to pay me proper minimum wages and/or time and one-half for any of my overtime hours, despite the fact that they were aware of my hours worked each week. I understand and aver the allegations contained within this Declaration are true and correct.

Executed this 30th day of November, 2017, in ___Leon___ County, Florida.

I, Johnny Machado, declare under penalty of perjury that the foregoing is true and correct:

*[signature]*
JOHNNY MACHADO